UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wesley Edward Smith, III;<br>Leshell D. Smith,<br><br>                  Plaintiffs,<br><br>vs.<br><br>Washington Mutual Bank, FA,<br>successor to Washington Mutual<br>Home Loans, Inc.,<br>successor in interest by merger to<br>Fleet Mortgage Corporation;<br>CTX Mortgage Corporation, LLC;<br>Centex Homes Inc.;<br>Bill Everette;<br>Cheryl Fischer;<br>Samuel C. Waters;<br>Dennis A. Brosnan;<br>Reginald P. Corley;<br>Rebecca Anne Roberts;<br>Andrea K. St Amand;<br>Thomas C. Hidlebrand Jr.;<br>Robert Woods;<br>Jennefer A. Cox; and<br>Jenny C. Honeycutt,<br><br>                  Defendants. | C/A No. 2:08-2573-MBS-RSC<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Report and Recommendation** |

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

1

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary

2

dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiffs could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiffs' legal arguments for them, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

Plaintiffs allege that the Defendants, which appear to be mortgage companies and private attorneys, are responsible for a "wrongful" foreclosure on Plaintiff's residence located at 5363 Greggs Landing Dr. in North Charleston, South Carolina. Plaintiffs indicate that they filed a similar state law action, Docket Number 08-CP-10-646, in January of 2008. However, that case was reportedly dismissed with prejudice by the Ninth Circuit Court of Common Pleas on June 11, 2008.

In the present action, Plaintiffs claim the Defendants deprived Plaintiffs of rights in court, conspired to disrupt Plaintiffs' lives, interfered with contractual relationships, and provided insufficient "process of service" in the allegedly unlawful foreclosure action. Plaintiffs also claim that the

Defendants "perjured that the Plaintiff's Wesley Edward Smith III was not in the military service that would possible violate the Plaintiff's rights under the Soilder [sic] and Sailors Act of 1974." *See* Plaintiffs' complaint, page five (5). Plaintiffs, who request injunctive relief and monetary damages, cite two federal statutes, 42 U.S.C. § 1983 and the Soldiers' and Sailors' Civil Relief Act (SSCRA) in their complaint.

Plaintiffs' claims against the mortgage company Defendants are stated verbatim below:

> The Plaintiff's affirmatively pleads that the Defendant's Washington Mutual Bank, FA, successor to Washington Mutual Home Loans, Inc., successor in interest by merger to Fleet Mortgage Corporation, CTX Mortgage Corporation, LLC, Centex Homes Inc, unlawfully foreclosed on the Plaintiff's home located at 5363 Greggs Landing Drive North Charleston by violating the provisions of the 1976 of the South Carolina Constitution section 15-11-30 Lis pendens requires the parties be served (as stated in relevant parts) . . .

*See* Plaintiffs' complaint, page four (4).

Plaintiffs' claims regarding the private individual Defendants are as follows:

> [T]hird party agents authorized to act on behalf of the [mortgage company] defendants Mr. Bill Everette, Mrs. Cheryl Fischer, Mr. Samuel C. Waters, Mr. Dennis A. Brosnan, Mr. Reginald P. Corley, Mrs. Rebecca Anne Roberts, Mrs. Andrea K. St Amand, Mrs. Jennifer A. Cox, Mr. Thomas C. Hidlebrand, Jr, Mr. Roberts Woods by its endorsements, motions, answers, responses, replies and pleadings are affirmative alleged responsible for violated the [P]laintiff's rights according the *Constitution of the United States* under 28 USC 1983 Deprivation of right involving property or to challenge the judgement of the title of real property belonging to the Plaintiff's by violation the Plaintiff's rights

> afforded under provisions 15-11-30 for insuffiecy [sic] of process of service of the Lis pendens under the Constitution of South Carolina law.

See Plaintiffs' complaint, page four (4).

### Discussion

As an initial matter, Plaintiffs allege that the Defendants have violated Plaintiffs' constitutional rights, and cite to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although the complaint's claims are difficult to discern, liberally construed, Plaintiffs appear to be alleging due process violations in connection with the foreclosure of their home. However, the complaint contains no facts which attribute any type of state action to any of the named Defendants. As the Defendants

are private entities that do not act "under color of state law," they are not amenable to suit under § 1983. Accordingly, Plaintiffs have failed to state a cognizable claim for relief under § 1983 against the Defendants.

In addition to § 1983, Plaintiffs also cite to the Soldiers' and Sailors' Civil Relief Act (SSCRA), which is now known as the Servicemembers Civil Relief Act (SCRA), codified at 50 U.S.C. App. § 501, *et seq.* The SCRA, hereinafter referenced as "the Act", provides for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of Service Members during their military service. *See* 50 U.S.C. App. § 502. Plaintiffs mention the Act three times in the complaint and indicate that one of them is an "aggrieved armed forces member." *See* Plaintiffs' complaint pages three (3), five (5), and seven (7). However, despite several citations to the Act, the Plaintiffs' provide only one supporting factual allegation: that the Defendants' made a false statement regarding Plaintiff Wesley Smith's military service. *See* Plaintiffs' complaint, page five (5). As such, the Plaintiffs fail to allege sufficient facts to illustrate an entitlement to the Act's protections or to set forth a claim for damages under the Act.

Although the Court must liberally construe the *pro se* complaint, Plaintiffs must do more than make mere conclusory

6

statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). While Plaintiffs are not required to plead facts sufficient to prove their case as an evidentiary matter in the complaint, they must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). The complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff." *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). As Plaintiffs' fail to state a cognizable claim under 42 U.S.C. § 1983, and their blanket assertions of a violation under the Servicemembers Civil Relief Act is insufficient to state a claim upon which relief may be granted, the case is subject to summary dismissal.[1]

---

[1] Plaintiffs also claim the Defendants violated Plaintiffs' rights under South Carolina Law. Such civil actions may be cognizable in a federal court under the diversity statute, if that statute's requirements are satisfied. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992). However, The diversity statute, 28 U.S.C. § 1332(a), requires **complete** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen*

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiffs' attention is directed to the important notice on the next page.

                                                 /s/ Robert S. Carr
                                                 Robert S. Carr
                                                 United States Magistrate Judge

July 30, 2008
Charleston, South Carolina

---

*Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). There is no diversity jurisdiction over this case because, according to the information provided by Plaintiffs, they and most of the Defendants are residents of South Carolina.

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).