IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Wesley Edward Smith, III; and<br>Leshell D. Smith, | )<br>)<br>) | C/A No. 2:08-2573-MBS |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | |
| Washington Mutual Bank, FA,<br>successor to Washington Mutual Home<br>Loans, Inc., successor in interest by<br>merger to Fleet Mortgage Corporation;<br>CTX Mortgage Corporation, LLC;<br>Centex Homes Inc.; Bill Everette;<br>Cheryl Fischer; Samuel C. Waters;<br>Dennis A. Brosnan; Reginald P. Corley;<br>Rebecca Anne Roberts; Andrea K. St.<br>Amand; Thomas C. Hidlebrand, Jr.;<br>Robert Woods; Jennefer A. Cox; and<br>Jenny C. Honeycutt, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **O R D E R** |
| Defendants. | )<br>) | |

  Plaintiffs Wesley Edward Smith, III and Leshell D. Smith brought this action pro se on July 17, 2008, challenging the foreclosure of their home in North Charleston, South Carolina. Plaintiffs allege they were evicted from the premises on or about April 23, 2003. Although it is not clear, it appears that Plaintiffs assert that they were denied due process in violation of their Constitutional right. The court has construed their complaint as arising under 42 U.S.C. § 1983. Plaintiffs moved to proceed in forma pauperis on July 17, 2008. Their motion was granted on July 30, 2008.

  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert C. Carr for pretrial handling. The Magistrate Judge reviewed the pro se complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which allows a district court

to summarily dismiss a case brought in forma pauperis upon a finding that the action fails to state a claim on which relief may be granted, or is frivolous or malicious. On July 30, 2008, the Magistrate Judge issued a Report and Recommendation in which he determined that there were no facts that attributed any type of state action to any of the named Defendants. The Magistrate Judge found that Plaintiffs failed to state a cognizable claim under 42 U.S.C. § 1983. Accordingly, the Magistrate Judge recommended that Plaintiffs' case be summarily dismissed. Plaintiffs filed objections to the Report and Recommendation on August 13, 2008.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

As the Magistrate Judge properly noted, a plaintiff seeking to state a claim under § 1983 must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Defendants are a financial institutions and persons alleged by Plaintiffs to be agents of the financial institutions. See Complaint, p. 4. Plaintiffs fail to state a claim under § 1983.

Plaintiffs filed an amended complaint on October 1, 2008. The amended complaint asserts violations of the Fair Housing Act, 42 U.S.C. §§ 3601-3619, and the Equal Credit Opportunity Act, 15 U.S.C. § 1691-1691f. Plaintiffs seek an order from the court that:

a. Declares that the policies and practices of the defendant between 1997-2003 constitute a violation of the Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. 3601-3619, and the Equal Credit Opportunity Act, 15 U.S.C. 1691-1691f;

b. Enjoins defendant, its agents, employees, successors, and all other persons in active concert or participation with them, from discriminating on account of race or national origin in any aspect of their home equity or mortgage lending activities;

c. Requires defendant to develop and submit to the Court for its approval a detailed plan that: (a) remedies the vestiges of defendants' discriminatory policies and practices; and (b) ensures that future African-American applicants will be treated in a nondiscriminatory manner that does not differ materially from the treatment afforded to white applicants;

d. Awards such damages as would fully compensate the victims of defendant's discriminatory policies and practices for the injuries caused by the defendant;

e. Awards punitive damages to the victims of defendant's discriminatory policies and practices; and

f. Assesses civil penalty against the defendant, in order to vindicate the public interest.

Amended Complaint, p. 6.

With respect to the Fair Housing Act, 42 U.S.C. § 3610(1)(A)(i) provides:

An aggrieved person may, not later than one year after an alleged discriminatory housing practice has occurred or terminated, file a complaint with the Secretary alleging such discriminatory housing practice. The Secretary, on the Secretary's own initiative, may also file such a complaint.

With respect to the Equal Credit Opportunity Act, 15 U.S.C. § 1691e(f) provides:

Any action under this section may be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent

jurisdiction. No such action shall be brought later than two years from the date of the occurrence of the violation, except [under certain circumstances not applicable here].

It appears that claims of violations of these Acts are barred by the applicable limitations periods, and the court discerns no facts in the amended complaint to support a finding that Plaintiffs have exhausted their administrative remedies as required by the Fair Housing Act. Moreover, it appears that Plaintiffs have attempted to litigate the underlying foreclosure action in state court. See Addenda to Complaint. Claims that could have been raised in state court are now barred by res judicata under South Carolina law. See Plott v. Justin Enter., 649 S.E.2d 92, 95 (S.C. Ct. App. 2007) ("Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties. Under res judicata, a litigant is barred from raising any issues which were adjudicated n the former suit and any issues which might have been raised in the former suit.")(internal quotations omitted). See In re Genesys Data Techs., 204 F.3d 124, 129 (4th Cir. 2000) (28 U.S.C. § 1738 requires a federal court to give full faith and credit to state judicial proceedings; thus, federal court must apply state res judicata rules in determining the effect of state judgments) (citing Marrese v. Am. Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985)). For all these reasons, the court dismisses the allegations of Plaintiffs' amended complaint.

The court concurs in the recommendation of the Magistrate Judge and incorporates the Report and Recommendation herein by reference. For the reasons stated in the Report and Recommendation and herein, the within action is dismissed without prejudice and without issuance and service of process.

Plaintiffs filed a motion for summary judgment on August 13, 2008. Plaintiffs' motion is denied as moot.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

October 10, 2008.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiffs are hereby notified that they have the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**